ERVIN Judge.
Appellant, Francis Donnelly, appeals the granting of a summary judgment to First Mutual Savings Association (S & L), upholding the right of the S & L to set off the debt of a co-tenant against the interest of the surviving co-tenant. We affirm.
Appellant, Francis Donnelly, transmitted $56,200.74 to appellee’s precedessor, Mutual Federal Savings & Loan, on January 9, 1978 by letter, requesting that a $50,000 certificate of deposit (CD) be created, payable to appellant and appellant’s son, Francis Joseph Donnelly, now deceased, as joint tenants with the right of survivorship, and that the remainder of the sum be transmitted to appellant in the form of a cashier’s check.
The account signature card, signed by appellant and appellant’s son, required only one signature for transactions thereon, and allowed the account to be pledged in whole or in part by either co-tenant as security for any future loans. Appellant’s son later consummated a loan with the S & L for $54,000. Following the death of appellant’s son, appellant refused several requests of the S & L to sign a collateral receipt for the outstanding balance of the loan. The S & L eventually set off the CD account against the loan and returned the balance remaining to the appellant.
Appellant argues that the association has no right to set off against the account of a surviving tenant the debts of the decedent co-tenant, in that the S & L’s right of set-off terminates upon the death of the other tenant, resulting in the amount existing at the time of the tenant’s death automatically passing to the surviving non-debtor tenant. We disagree. The general rule is that in the absence of statutory authority or a contract to the contrary the right to set off a debt of a deceased joint tenant against the interest of a surviving joint tenant does not exist. See Annot., 68 A.L.R.3d 192 § 5 (1976); B. Clark, The Law of Bank Deposits, Collections and Credit Cards, § 11.6[4] (rev. ed. 1981). This rule has, however, since been changed by statute in Florida. Both the signature card and Section 665.065[1], Florida Statutes, contain language stating that a joint tenancy survives the pledging of an account. The signature card states as follows: “Any such pledge shall not operate to sever or terminate either in whole or in part the joint tenancy estate and relationship reflected in or established by this contract.” Section 665.065 similarly provides that a pledge “shall not operate to sever or terminate the joint and survivorship ownership of all or any part of the account.”
*1275 Appellant argues that since the statute provides that the joint tenancy survives the making of a pledge, the survivor-ship aspect of a joint tenancy prevails over the right of set-off. This argument ignores the specific language to the contrary found in section 665.065, stating that a pledge is a “valid transfer to the association of that part of the account pledged or hypothecated....” (emphasis supplied) As the signature card allowed the pledging of an account in whole or in part,[2] and, because section 665.065 provides that a pledge is a valid transfer of that portion of the account to the S & L, appellant’s sur-vivorship interest applied only to that portion of the certificate remaining after the satisfaction of the loan against which the certificate was pledged. Cf. Chickerneo v. Society National Bank of Cleveland, 58 Ohio St.2d 315, 390 N.E.2d 1183 (1979) (where a bank provides by rule that it retains the right to set off funds in a joint and survivorship account against debts owed the bank by a party to the account, the bank may lawfully set off such funds, although the funds in the account are supplied exclusively by a non-debtor depositor).
AFFIRMED.
WIGGINTON, J., and FRANK, RICHARD H., Associate Judge, concur.

. Section 665.065 provides as follows:
The pledge or hypothecation to any association or federal association of all or part of a savings account in joint tenancy signed by any tenant or tenants whether minor or adult, upon whose signature or signatures withdrawals may be made from the account shall, unless the terms of the savings account provide specifically to the contrary, be a valid pledge and transfer to the association of that part of the account pledged or hypothecated, and shall not operate to sever or terminate the joint and survivorship ownership of all or any part of the account.

. The signature card states in pertinent part: "This account may be pledged in whole or in part as security for any loan made by you to one or more of the undersigned.”